UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: | |
| LARRY T. WATSON<br>SHERROLL E. WATSON | CASE NO.: 11-11139 |
| Debtor(s) | |
| KEN BLIGHT | AP NO.: 11-1061 |
| Plaintiff | |
| vs. | |
| LARRY T. WATSON<br>SHERROLL E. WATSON | |
| Defendant(s) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Defendant/Debtor Sherroll Watson ("Debtor"). The Court reviewed the Motion and the Memorandum of Law in Support of Debtor's Motion and the Response of Plaintiff Ken Blight ("Blight") to Debtor's Motion. For the following reasons, the Court will **GRANT** the Debtor's Motion for Summary Judgment.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Debtor was a 50% shareholder and director of a livestock management company called Livestock Management Services, Inc. ("LMS"). Her husband, Larry Watson, was also a 50% shareholder of LMS and served as its President. Debtor also served as the secretary for LMS. Debtor had no involvement in the day-to-day operations of the company and did not maintain the corporate books and records. Debtor was paid a monthly salary and her involvement in the company was limited to unloading bags of feed when shipments arrived and occasionally working in the office doing filing as needed.

On or about February 1, 2011, Blight, on behalf of Blight Farms contracted with LMS to purchase 142 steers at a cost of $103,571.30. The invoice was signed by Larry Watson who attested that the livestock were of "U.S.A. origin." Blight also paid LMS to feed, vaccinate and care for the cattle for a total cost of $114,281.

Blight never received the cattle and alleges that Debtor and her husband used the cattle as collateral for an operating loan for LMS. Blight alleges that on February 20, 2011, Producers Service Credit Corp. repossessed all cattle on the Watsons' farms including the cattle belonging to Blight.

On or about April 22, 2011, LMS filed its Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. The Petition is signed by Larry Watson as President of LMS. Sherroll Watson is listed as an entity owning 10% or more of an equity interest in the company. Blight was not listed as a creditor on the Schedules to the Petition.

On or about July 25, 2011, Debtor and her husband filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Debtors did not list Blight as a creditor on the Schedules to the Petition.

On or about November 4, 2011, Blight initiated this adversary proceeding against Debtor and Larry Watson asserting that a debt in the amount of $114,281 owed by the Watsons to him is nondischargeable.

## CONCLUSIONS OF LAW

Blight initiated this adversary proceeding against Debtor and her husband, Larry Watson, asserting that a debt in the amount of $114,281 is owed by the Debtors to him and that such debt is nondischargeable under 11 U.S.C. §§523(a)(2), 523(a)(4) and 523(a)(6).

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment will be appropriate if the non-moving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Id*.

-3-

The Motion for Summary Judgment before the Court seeks summary judgment in favor of Debtor on Blight's claims on the basis that Debtor has no personal liability for the debt because Debtor did not personally contract with Blight. The contract for sale of the cattle was between Blight and LMS, not the Debtor individually. Debtor also contends she had no involvement in the day-to-day operations of the company, although she was a 50% shareholder of the company, served as a director and the corporate secretary.

The invoice for the sale of the cattle is attached as an exhibit to Debtor's Motion for Summary Judgment. It is clearly between Ken Blight of Blight Farms and LMS. The country of origin of the cattle is attested to by Larry T. Watson on the invoice. There is no evidence of record to indicate that Debtor personally contracted with Blight for the sale of the cattle.

Although not set forth specifically by Blight in his response, the Court assumes he seeks to hold Debtor personally responsible by disregarding the corporate form of LMS and piercing the corporate veil. As the following demonstrates, there is no basis for applying this theory to Debtor.

In general, there must be a basis for disregarding the corporate form. *In re St. John*, 430 B.R. 804 (Bankr. W.D. Mich. 2010). Under Kentucky law, the corporate veil may be pierced under the "alter ego" theory or the "instrumentality" theory. Under the "alter ego" theory, Blight had to prove (1) the corporation was not only influenced by the owners, but also that there was such a unity of ownership and interest that their separateness ceased to exist and (2) that the treatment of the separate corporate existence would sanction fraud

or promote injustice. *In re Smith*, 429 B.R. 864, 871 (Bankr. W.D. Ky. 2010), citing *White v. Winchester Land Development Corp.*, 584 S.W.2d 56, 61 (Ky. App. 1979).[1]

Under the "instrumentality" theory, Blight had to prove (1) that the corporation was a mere instrumentality of the shareholder; (2) that the shareholder exercised control over the corporation in such a way as to defraud or harm the plaintiff; and (3) that a refusal to disregard the corporate entity would subject the plaintiff to unjust loss. *Id.*

The record is far short of any evidence that would support these claims against the Debtor. Blight cites simply to the fact that Debtor was a director and shareholder of LMS, received a salary from LMS, that she considered any cattle owned by her husband also to be owned by her and that Ken Blight is not listed as a creditor on LMS' Petition. None of these facts establish a basis to pierce the corporate veil and disregard the corporate form. Accordingly, there being no disputed issues of fact and no legal basis for the claims asserted against Debtor, the Motion for Summary Judgment will be granted as Debtor is entitled to judgment as a matter of law.

---

[1] The *White* case was recently overruled to the extent it is read to require evidence of actual fraud in order to pierce the corporate veil. *See*, *Inter-Tel Technologies, Inc. v. Linn Station Properties, LLC*, ___S.W.3d ___, 2012 WL 593194 (Ky. 2012). Under <u>Inter-Tel</u>, the dispositive elements to be considered by Kentucky courts are (1) domination of the corporation resulting in a loss of corporate separateness and (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice. The decision, however, is not final and may not be cited as authority. However, even considering <u>Inter-Tel</u>, there simply is no evidence to support such a claim against the Debtor.

## **CONCLUSION**

For all of the above reasons, the Motion for Summary Judgment of Defendant/ Debtor Sherroll Watson on the claims asserted against her by Plaintiff Ken Blight will be **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 14, 2012

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: | |
| LARRY T. WATSON<br>SHERROLL E. WATSON | CASE NO.: 11-11139 |
| _____Debtor(s)_____ | |
| KEN BLIGHT | AP NO.: 11-1061 |
| Plaintiff | |
| vs. | |
| LARRY T. WATSON<br>SHERROLL E. WATSON | |
| _____Defendant(s)____ | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, there are no genuine issues of material fact and Debtor Sherroll Watson is entitled to judgment as a matter of law pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Defendant/Debtor Sherroll Watson, be and hereby is, **GRANTED**.

This is a final and appealable Order. There is no just reason for delay.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 14, 2012